IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00405-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

F. LangeHennig, et al,

                                                                                    Appellee

 

 

 



From the 343rd District Court

Bee County, Texas

Trial Court No. B-05-1421-CV-C

 



MEMORANDUM  Opinion



 

Appellant Donald McCray is attempting to appeal the November 8, 2006 judgment of the 343rd District Court of Bee County.  We notified McCray that this appeal is subject to dismissal
for want of jurisdiction because this Court does not have appellate
jurisdiction over appeals from Bee County.  See Tex. Gov’t Code Ann. § 22.201(k), (n) (Vernon Supp. 2006).  We stated that the appeal may be dismissed for want of
jurisdiction unless McCray filed with the court within twenty-one days a
response showing grounds for continuing the appeal.  McCray has
not filed a response.[1] 
Accordingly, we dismiss this appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Appeal dismissed 

Opinion delivered and
filed February 14, 2007

[CV06]

 









[1]               In another of his appeals, McCray
requested us to transfer it and the instant appeal to the Thirteenth Court of
Appeals.  We treated that request as a motion to transfer and dismissed it
because we lacked authority to transfer it and because of noncompliance with
the procedure to obtain the transfer of an appeal.  See McCray v.
Reid, No. 10-06-00362-CV, slip. op. at 2 (Tex. App.—Waco Jan. 24, 2007, no
pet. h.) (mem. op.).  We will treat that request similarly in this appeal and
likewise dismiss it.








se appeals to be wholly frivolous.  See
Bledsoe v. State, 178 S.W.3d at 826-27.  Accordingly, we affirm the
trial court’s judgments.

Should Parhm wish to seek further review of these
cases by the Texas Court of Criminal Appeals, Parhm must either retain an
attorney to file petitions for discretionary review or Parhm must file pro
se petitions for discretionary review.  Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or
the last timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any
petition for discretionary review must be filed with this Court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of
the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex R. App. P. 68.4.  See In
re Schulman, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing Glover
v. State, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex.
App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not designated for publication).

Counsel’s request that she be allowed to withdraw
from representation of Parhm is granted.  Additionally, counsel must send Parhm
a copy of our decision, notify Parhm of his right to file pro se
petitions for discretionary review, and send this Court a letter certifying
counsel’s compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see In
re Schulman, 252 S.W.3d at 409 n. 22.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed March 24, 2010

Do
not publish

[CR25]









[1] Each sentence bears its own cause number for
purposes of appeal; however, the parties have submitted one brief covering both
appeals; therefore, we will address the appeals jointly in the same manner.